**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KATHY ANN BEASLEY,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER MILES MAULDIN,** individually,<br><br>Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Kathy Ann Beasley, by and through undersigned counsel, brings this Complaint against Defendant Officer Miles Mauldin and alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 and Alabama law. Defendant Officer Miles Mauldin, an investigator with the Abbeville Police Department, choked Plaintiff until she could not breathe while she was handcuffed behind her back, in custody, and posing no threat to anyone. The choking left bruises on her neck and caused a sore throat.

2. The choking was not a response to resistance, flight, or danger. It followed a verbal exchange between Plaintiff and Defendant. It stopped only when Abbeville Police Officer Michael Hudson pulled Defendant off of Plaintiff.

3. Plaintiff seeks compensatory and punitive damages, attorney's fees, and costs for the violation of her Fourth Amendment right to be free from excessive force and for assault and battery under Alabama law.

## II. JURISDICTION AND VENUE

4. This action arises under the Fourth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

5. This Court has subject-matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

6. This Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a), because it arises from the same nucleus of operative facts as her federal claim and forms part of the same case or controversy.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2). The events giving rise to this action occurred in Abbeville, Henry County, Alabama, and, on information and belief, Defendant resides in this District.

8. Henry County lies within the Southern Division of the Middle District of Alabama. 28 U.S.C. § 81(b)(3).

## III. PARTIES

9. Plaintiff Kathy Ann Beasley is an adult citizen of the United States who resides in Henry County, Alabama.

10. Defendant Officer Miles Mauldin was, at all relevant times, a sworn police officer employed as an investigator by the City of Abbeville Police Department. He acted under color of state law and within the line and scope of his employment. He is sued in his individual capacity.

## IV. FACTUAL ALLEGATIONS

11. On September 30, 2026, between approximately 9:00 p.m. and 10:00 p.m., Plaintiff went to the Deer Run Apartments, located at 599 Ozark Road Abbeville, AL 36310, where her eighteen-year-old daughter lived.

12. Plaintiff went there because of a domestic violence situation between her daughter and her daughter's boyfriend.

13. About one year earlier, Plaintiff had been issued a trespass warning barring her from the apartment property.

14. Because of that trespass warning, Plaintiff stayed in the middle of the street and did not enter the apartment property.

15. Someone called the police.

16. Plaintiff's father, Luther Beasley, had called Defendant to ask whether he could help Plaintiff and her daughter.

17. Abbeville Police Officer Michael Hudson responded to the scene and arrested Plaintiff for trespassing.

18. Plaintiff did not resist. Officer Hudson handcuffed Plaintiff's hands behind her back.

19. Defendant also arrived at the scene. Although he was in plain clothes, he arrived in his police truck and wore his gun on his hip. He acted at all times as an Abbeville police officer.

20. Defendant knew Plaintiff from an unrelated matter in which he had been attempting to serve warrants on her.

21. After Plaintiff was handcuffed, she and Defendant got into a verbal argument, including about her daughter and why Plaintiff was at the location.

22. Plaintiff made no physical movement toward Defendant. She was handcuffed behind her back and under Officer Hudson's control. She posed no threat to Defendant, Officer Hudson, or anyone else, and she was not attempting to flee.

23. Defendant then put his hand around Plaintiff's neck and choked her.

24. Defendant squeezed Plaintiff's neck until she could not breathe.

25. Officer Hudson had to pull Defendant off of Plaintiff and place himself between them to stop the choking.

26. Officer Hudson then placed Plaintiff in his patrol vehicle and apologized to her for what had just happened.

27. The next morning, Defendant came to the Henry County Jail, where Plaintiff was being held, to speak with her.

28. Defendant asked Plaintiff whether they were "good."

29. Defendant also told Plaintiff that his hand had "slipped." He said he had been trying to grab her face and that his hand slipped to her neck because she was sweaty.

30. Defendant's own account admits that he intentionally put his hand on Plaintiff's face or head while she was handcuffed behind her back and posed no threat. No legitimate law-enforcement purpose justified grabbing a restrained arrestee's face or neck.

31. Defendant's conduct was intentional, malicious, and in reckless disregard of Plaintiff's rights.

32. As a direct and proximate result of Defendant's conduct, Plaintiff was unable to breathe, suffered bruising on her neck, and suffered a sore throat. She also suffered pain, fear, humiliation, emotional distress, and mental anguish.

## V. CLAIMS FOR RELIEF

### COUNT I
### Excessive Force in Violation of the Fourth Amendment
### (42 U.S.C. § 1983)

33. Plaintiff incorporates paragraphs 1 through 32 as if fully set forth here.

34. At all relevant times, Defendant acted under color of state law.

35. The Fourth Amendment guarantees the right to be free from unreasonable seizures. That right includes freedom from excessive force in the course of an arrest.

36. Defendant's choking of Plaintiff was objectively unreasonable under the totality of the circumstances. Plaintiff was handcuffed, compliant, and under another officer's control. She posed no threat and was not attempting to flee. The offense for which she was arrested was a misdemeanor. No force was needed, and choking her until she could not breathe was grossly disproportionate.

37. At the time of the incident, it was clearly established in the Eleventh Circuit that gratuitous force against a handcuffed, non-resisting arrestee violates the Fourth Amendment. *See, e.g., Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002); *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008); *Saunders v. Duke*, 766 F.3d 1262 (11th Cir. 2014).

38. Defendant is not entitled to qualified immunity.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries and damages described above.

40. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

## COUNT II
## Assault and Battery
## (Alabama Law)

41. Plaintiff incorporates paragraphs 1 through 32 as if fully set forth here.

42. Defendant intentionally touched Plaintiff in a harmful and offensive manner by choking her, without her consent and without legal justification.

43. Defendant's conduct placed Plaintiff in reasonable apprehension of imminent bodily harm.

44. Defendant's use of force was excessive and was not necessary to effect or maintain the arrest of a handcuffed, compliant person.

45. Defendant acted willfully, maliciously, in bad faith, and beyond his authority. He is therefore not entitled to state-agent or peace-officer immunity under Ala. Code § 6-5-338 or *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).

46. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries and damages described above.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Reasonable attorney's fees and costs under 42 U.S.C. § 1988;

d. Pre- and post-judgment interest as allowed by law; and

e. Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

Respectfully submitted this 29th day of October, 2026.

/s/ Ramon Martin
Ramon Martin

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220 - 1157
Birmingham, AL 35203
Telephone: 205-983-2017
Email: Ramon.Martin@LegalJusticeMatters.com
*Counsel for Plaintiff Kathy Ann Beasley*